# Egbert *against* Darr.

A defendant arrested upon a *ca. sa.* gave bond for his appearance to take the benefit of the insolvent law, and upon his hearing his application was rejected; whereupon he surrendered himself in discharge of his bail, and while thus in custody executed another insolvent bond to the same plaintiff, which was approved by one of the associate judges, and he was discharged: he again made application for the benefit of the insolvent laws, and was again rejected. *Held*, that although the second bond was illegal, in an action upon it, the defendants were estopped from asserting its illegality, and the plaintiff was entitled to recover.

ERROR to the Common Pleas of *Union* county.

George Darr against John Egbert and Michael Smith. This was an action of debt upon an insolvent bond. John Egbert was arrested upon a *ca. sa.*, at the suit of George Darr, and gave bond for his appearance at the next term to take the benefit of the insolvent law; his application was rejected, whereupon he surrendered himself to prison in discharge of his bail. While thus in prison he executed another insolvent bond with Michael Smith as his surety to George Darr, the same plaintiff, conditioned for his appearance at the next term to take the benefit of the law; this bond was approved by an associate judge. He did appear,

III. — 2 T

[Egbert v. Darr.]

and his application was again rejected by the court.   This suit was brought on the last bond.   The defence was, that the bond was illegal and void, and therefore there could be no recovery upon it.

Lewis, (President), was of opinion, upon a question of evidence which determined the cause, that however illegal the bond was, the defendants were estopped from asserting its illegality; that having taken the benefit of it, they must abide the consequence; and directed a verdict for the plaintiff.

*Linn* and *Jordan*, for plaintiff in error.   This bond cannot be considered as deriving its obligatory character from any principle of the common law; if it has any validity, it must be by force of some statute.  13 *Serg. & Rawle* 190.   There is no statute authorizing the giving of an insolvent bond by one who is in custody by his own voluntary surrender.   The bond, therefore, is unauthorized and void.   3 *Watts* 385; 1 *Binn.* 110; *Ing. on Insol.* 28; 14 *Serg. & Rawle* 280.

*Miller, contra.*   If the plaintiff cannot recover upon this bond, he cannot recover at all; for the sheriff has the authority of the Judge to justify him in discharging the defendant.   The question then is, will the defendant be permitted to give a bond wearing the appearance of the construction which is given by the statute to insolvent bonds, impose it upon the Judge as legal and regular, procure exemption from further imprisonment, and when he is called upon to respond to its penalty assert that this, his own act, is illegal and void.   He is estopped from making a defence so fraught with injustice.

The opinion of the Court was delivered by

Sergeant, J.—Whatever may have been the circumstances attending the situation of the insolvent at the time this bond was given, I am of the opinion entertained by the court below, that he is now estopped from setting them up.   The petition and the purport of the bond amounted to an affirmation by him, that he was such a person as was entitled to be discharged on giving bond in the ordinary way.   No circumstances appeared in the process or proceedings to show the contrary; nor was anything of the kind communicated by the petitioner to the associate Judge at the time the bond was approved.   Had they been communicated, no doubt the Judge would have taken notice of them, and it is to be presumed would have rejected them.   After obtaining the benefit of it by such a representation, and by a concealment of material facts, to permit the petitioner to make the objections he now does, would enable him to take advantage of his own act, and would encourage fraud.   The evidence, therefore, was properly rejected.

Judgment affirmed.